UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE M. RUBET,<br>    *Plaintiff*,<br><br>v.<br><br>COMMISSIONER A. QUIROS,<br>    *Defendant.* | No. 3:23-CV-1138 (VAB) |

**ORDER**

Jose Rubet ("Plaintiff"), a sentenced inmate currently housed within the custody of the Department of Correction ("DOC") at Osborn Correctional Institution, commenced this *pro se* civil rights Complaint seeking only injunctive relief, specifically, an order providing him with a single cell. Compl., ECF No. 1 (Aug. 28, 2023); Mot. for Temp./Prelim. Inj., ECF No. 1-1 (Aug. 28, 2023); Mot. for Prelim. Inj., ECF No. 9 (Aug. 28, 2023).

After initial review under 28 U.S.C. § 1915A, the Court determined that Mr. Rubet had not stated a plausible claim for mandatory injunctive relief on the basis that he was subjected to ongoing Eighth Amendment indifference to the risk of harm arising from his visual impairment if housed with another inmate. Initial Review Order, ECF No. 13 (Nov. 10, 2023) ("IRO").

On March 26, 2024, Mr. Rubet filed a document—which the Court construes as an Amended Complaint—in which he again requests an injunctive order to be provided with a single cell due to his risk of harm caused by his inability to see. Am. Compl., ECF No. 22 (Mar. 26, 2024) ("Am. Compl."). He has attached a medical document that shows he is legally blind, among other medical conditions. *Id.* at 4–5.

The Prison Litigation Reform Act requires that federal courts review complaints brought

by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Amended Complaint and conducted an initial review of the allegations therein under 28 U.S.C. §1915A.

For the foregoing reasons, Mr. Rubet's Amended Complaint seeking injunctive relief is **DISMISSED**.

### I.     FACTUAL BACKGROUND[1]

Mr. Rubet asserts that he is an inmate who requires a single cell to ensure his safety. Am. Compl. at 2. He claims that he has panic attacks because he fears that he will be beaten up or hurt, as has occurred in the past. *Id.* at 2–3. He allegedly cannot defend himself and that a lot of his property has been stolen. *Id.* at 2. Mr. Rubet also allegedly needs light—so that does not hurt himself or fall— and that his need causes friction with his cellmates. *Id.* at 3. He allegedly had been punched, when he spilled on the paperwork of a cellmate, who would not let him turn the light on when it was dark. *Id.*

---

[1] The Court only briefly summarizes the following background relevant to this matter.

## II.     DISCUSSION

Because Mr. Rubet's Amended Complaint alleges the need for a single cell to protect himself from the attacks of a cellmate and the theft of property, due to his vision impairment, the Court construes Mr. Rubet to be seeking single cell status to remedy an Eighth Amendment deliberate indifference claim for his risk of harm from a cellmate assault.

The Court thus will review the applicable standard for granting such relief generally before turning to the substance of this particular claim.

### A.  The Applicable Standard for Injunctive Relief

A plaintiff may seek injunctive relief against a state official only to the extent that he alleges an ongoing violation of the constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). A district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.). The same standard applies for granting a temporary restraining order and a motion for a preliminary injunction. *Stoneway Capital Corp. v. Siemens Energy Inc.*, 2020 WL 764457, at *1 (S.D.N.Y. Feb. 14, 2020); *Foley v. State Elections Enforcement Com'n*, 2010 WL 2836722, at *3 (D. Conn. July 16, 2010) (internal citations omitted).

"A preliminary injunction is a temporary measure intended to furnish provisional protection while awaiting a final ruling on the merits." *Ramos v. Town of Vernon*, 208 F.3d 203 (2d Cir. 2000). A district court has wide discretion in determining whether to grant preliminary

injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.). The requirements for the issuance of a preliminary injunction are well established. To obtain a preliminary injunction, a plaintiff must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.,* 696 F.3d 206, 215 (2d Cir. 2012) (internal quotations omitted).

Further, when a movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo," then the burden of proof is even greater. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks and citation omitted). To obtain a mandatory preliminary injunction against governmental action, a plaintiff must (1) "make a strong showing of irreparable harm" absent injunctive relief, (2) "demonstrate a clear or substantial likelihood of success on the merits," and (3) demonstrate a "public interest weighing in favor of granting the injunction" and that the "balance of equities tips in his or her favor." *CC. v. New York City Dep't of Education*, No. 22-0459, 2023 WL 2545665, at *2 (2d Cir. Mar. 17, 2023).

The Second Circuit has cautioned that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore,* 409 F.3d at 510 (citation and internal quotation marks omitted). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *J.S.R. by & through J.S.G. v. Sessions*, 330 F. Supp. 3d 731, 738 (D. Conn. 2018) (internal citations omitted). In addition, a federal court

should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D.Mo.1976), *aff'd,* 426 U.S. 943 (1976).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted). Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Thus, injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). And, the court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.*

### B. The Applicable Standard for an Eighth Amendment Deliberate Indifference Claim

The Eighth Amendment to the U.S. Constitution protects against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. This prohibition has both objective and subjective components: official conduct that was "harmful enough" to be characterized as "punishment," and a "sufficiently culpable state of mind." *Walker v. Schult,* 45 F.4th 598, 610 (2d Cir. 2022). "[C]onditions of confinement, 'alone or in combination,' may" violate the Eighth Amendment if they "deprive prisoners of the minimal civilized measure of life's necessities[.]"

5

*Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 303, 297–98 (1991)). Even if a plaintiff shows sufficiently serious conduct to satisfy the Eighth Amendment's objective element, the plaintiff must still prove that "subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Edwards v. Quiros*, 986 F.3d 187, 192 (2d Cir. 2021) (citation and quotation omitted).

Thus, Mr. Rubet must show a prison official's conscious disregard to his risk of harm from being housed with a cellmate. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006); *see also Farmer*, 511 U.S. at 834 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and ... dr[e]w that inference"). Mere negligent conduct does not constitute deliberate indifference. *See Salahuddin*, 467 F.3d. at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.").

As Mr. Rubet's injunctive request seeks to alter the status quo, he is seeking a mandatory injunction. In response to the Court's order to show cause, Defendant has submitted the declaration of Captain Warrek, the Unit Manager for the unit where Plaintiff is housed at Osborn Correctional Institution. Warrek decl., ECF No. 24-1. Captain Warrek's declaration states that Mr. Rubet cannot show that he is not currently exposed to any imminent danger or a harm of constitutional dimension. Mr. Rubet has not filed a reply to contest Defendant's arguments or representations in the show cause response.

6

Notably, Captain Warrek states that Mr. Rubet is now at the Osborn Correctional Institution on January 19, 2024, and he has been placed without a cellmate for the last several months in a unit for inmate aged fifty and older who have limited or no disciplinary history. *Id.* at ¶¶ 5-6. He further states that Mr. Rubet has never expressed to him any concern about his housing unit or being housed with another inmate. *Id.* at ¶ 7. Nor is he aware of any determination that a single cell is medically necessary or appropriate for Plaintiff. *Id.* at ¶ 9. Finally, he states that there is no current plan to have Plaintiff housed with a cellmate; and should Mr. Rubet need a cellmate assignment, the cellmate would be aged fifty or over and the unit staff would ensure that the cellmate posed no unnecessary risk to him, in light of his visual impairment. *Id.* at ¶ 10.

On this record, Mr. Rubet is not likely to prevail on the merits of an Eighth Amendment claim, based on prison officials having failed to take measures to alleviate his risk of harm due to his visual impairment. Most significantly, based on this record, Mr. Rubet currently has the relief he now seeks: a cell without a roommate.

Accordingly, Mr. Rubet fails to state a plausible claim for injunctive relief, and in the absence of a viable claim, his lawsuit will be dismissed.[2]

---

[2] To the extent he seeks damages under section 1983, Mr. Rubet has not alleged any facts reflecting that Commissioner Quiros had direct involvement with a violation of Mr. Rubet's federal or constitutional rights. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) ("plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'").

### III. CONCLUSION

For the foregoing reasons, Mr. Rubet's Amended Complaint seeking injunctive relief is **DISMISSED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 13th day of September, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE